SAMUEL T. CROSBY & another vs. FRANKLIN INSURANCE COMPANY.

A policy of insurance, by which certain persons are insured " $12,500, namely, $12,000 on their stock of watches, watch trimmings, &c. contained in their store No. 69 Washington Street, Boston, and $500 on their furniture and fixtures in said store," covers not only watches, watch trimmings, parts of watches, watch materials and watch tools, but also such silver and plated ware, clocks, jewelry and other goods as usually form part of the stock in shops in Boston, where watches and watch trimmings are sold.

THOMAS, J. This is an action of contract upon a policy of insurance. The case comes before us upon a report of the evidence. The making of the policy and a loss by fire were admitted.

The question between the parties is, what goods were covered by the policy. The policy, so far as is material to the question at issue, is as follows : " This policy of assurance witnesseth that the president and directors of the Franklin Insurance Company, in Boston, do by these presents cause Crosby & Brown to be assured twelve thousand and five hundred dollars, namely; $12,000 on their stock of watches, watch trimmings, &c. contained in their store No. 69 Washington Street, Boston, and $500 on their furniture and fixtures in said store."

The evidence showed that in Boston, in stores in which watches and watch trimmings are kept for sale, the stocks usually include a general assortment of silver ware, plated ware, jewelry, fine hardware, clocks, watch tools and materials, Britannia ware and fancy goods; that it is invariably the case, in all establishments in Boston where a stock of watches and watch trimmings is kept, that such a general assortment as the stock the plaintiff had is kept with them ; that the term " watch trimmings " includes a great variety of articles of jewelry, such as are usually worn and sold in connection with watches; among which are chains, brooches or pins, keys, seals, pencils, lockets, rings and charms ; that the general definition of watch trimmings would be " ornaments worn in connection with watches;"

that the line between watch trimmings and other jewelry could not be distinctly drawn.

The plaintiffs say, the policy covered their entire stock of goods. The defendants say, it covered only watches, watch trimmings, and things of a like kind; such as parts of watches, watch materials and watch tools.

We think the policy covered the general stock of the plaintiffs, and was not limited to watches, watch trimmings and watch materials; that there were two subjects of insurance— the *stock*, and the *furniture* and *fixtures;* that the word " stock " was used in opposition to, and as distinguished from the words " furniture and fixtures ; " that upon its fair, not to say obvious construction, the policy is for $12,000 on the stock, the leading articles of which are given, with the comprehensive *et cetera*, which extends to and includes the stock usually kept in such establishments.

In the construction thus given to the contract, it is our good fortune to concur with that originally taken and acted upon by both parties in the adjustment and partial payment of the loss.

*Judgment for the plaintiffs for the amount claimed.*

*W. G. Russell*, for the plaintiffs.

*C A. Welch*, for the defendants.

